UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

               v.                                                     ORDER
                                                                24-CR-92-SJB

GEORGE POPESCU,

               Defendant.
------------------------------------------------------------------X

**BULSARA, United States District Judge:**

On April 17, 2024, Defendant George Popescu pled guilty to a misdemeanor violation of 7 U.S.C. §§ 136j(a)(1)(A), 136j(a)(1)(E) and 136l(b)(1)(B). (Am. J. dated Dec. 19, 2024 ("Judgment"), Dkt. No. 19). During the COVID-19 pandemic Popescu sold over $1.2 million of unregistered disinfectant wipes that were not registered with the Environmental Protection Agency ("EPA"). (Presentence Investigation Report dated July 26, 2024 ("PSR"), Dkt. No. 9 ¶¶ 9–12). Besides being unregistered, the 22 million cleaning wipes Popescu sold did not in fact kill COVID-19. (*Id.* ¶¶ 10–12). Popescu created and maintained a website that falsely represented that the wipes were EPA-registered, and provided a non-existent registration number. (*Id.* ¶¶ 10–11). As reflected in his own sentencing submission, while Popescu may not have known at the outset that the wipes were unregistered and inert, after he learned the truth he continued to sell the products and deceive the public for almost two years. (*See* Def.'s Sentencing Mem. dated Aug. 13, 2024, Dkt. No. 10 at 17).

The Court sentenced Popescu to one year of probation, 100 hours of community service, restitution, forfeiture of $100,000, and a fine of $9,500. (Judgment). Popescu's

probation is scheduled to expire on September 11, 2025.  (*Id.*; Judgment dated Sept. 12, 2024, Dkt. No. 13).  He has now moved pro se for early termination of his probation.  (Mot. for Early Termination dated May 19, 2025 ("Early Term. Mot"), Dkt. No. 20).  Both the probation department and the Government oppose Popescu's motion.  (Gov't Opp'n to Early Term. Mot. dated June 20, 2025, Dkt. No. 22).  For the reasons stated, the motion is denied.

While a district court may terminate a term of probation after considering the factors set forth in Section 3553(a) and finding that such termination is in the interest of justice, 18 U.S.C. § 3564(c), "mere compliance with the conditions of probation, without more, [does] not warrant early termination."  *United States v. Salazar*, 693 F. App'x 565, 566 (9th Cir. 2017); *see also United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law.") (collecting cases).[1]  But that is largely what Popescu offers.  To be sure, he has completed his community service, paid his fine, and had several months of successful compliance with the terms of his probation—but that

---

[1] Cases revoking supervised release conditions are often cited by courts evaluating termination of probation.  *See United States v. Parker*, No. 21-CR-341, 2025 WL 1635971, at *2 n.7 (E.D.N.Y. June 9, 2025) ("Although 18 U.S.C. § 3583(e)(1) is not identical to the statute permitting early termination of probation, *see* 18 U.S.C. § 3564(c), courts treat the statutes as if they are *in pari materia* and apply decisional law interpreting one statute to motions brought pursuant to the other.").  However, Section 3583(e) prohibits consideration of "the need to exact retribution for the defendant's underlying crime," in deciding whether to terminate supervised release.  *Esteras v. United States*, 145 S. Ct. 2031, 2040 (2025).  Section 3564(c) contains no limitation on the consideration of any of the Section 3553(a) factors.

is not alone a justification for terminating by a few months his already lenient sentence of one year of probation. (Indeed, as Popescu describes them, (Early Term. Mot. at 4–5), the probation conditions are hardly onerous—he is not subject to any drug testing, vocational or educational training requirements, or in-person check-ins with his probation officer; and is only required to submit monthly reports to his probation officer and seek pre-authorization for foreign travel). "While his post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate . . . since, if it were, the exception would swallow the rule." *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998).

Popescu also contends that he is at low risk of recidivism, has expressed remorse, is a first-time offender, and is personally deterred from engaging in further criminal conduct. (Early Term. Mot. at 4). But the Court considered these same facts in imposing his sentence in the first instance (and not imposing a term of incarceration).

To put a finer point on it, evaluation of the Section 3553(a) factors requires denial of the motion for early termination for the same reasons the Court imposed Popescu's original sentence. Despite being exceptionally well-educated and wealthy, Popescu engaged in a multi-year scheme that misled the public during a particularly vulnerable period—the COVID-19 pandemic—and the magnitude of the misconduct, from a financial perspective, was significant. His conduct could not be excused by mistake, lack of understanding, difficult upbringing, or desperation, and appears to have been motivated by an attempt to generate profit, and nothing more. His deceptive and illegal conduct put the public at risk, defrauded the hard-working people of this District, and

took advantage of people and businesses during a time when one should have been working for the public good, not against it.  Ordinarily, in the Court's view such conduct would result in a term of incarceration, but the mitigating circumstances—including the good works and sacrifices he made for family members, and his first-time offender status—suggested there was no need for incarceration.  Nothing is different now: "[t]he factors that led to imposition of the original sentence . . . remain unchanged."  *United States v. Martin*, No. 89-CR-405, 1992 WL 178585, at *1 (S.D.N.Y. July 13, 1992).  Terminating probation now would undermine general and individual deterrence for this very serious offense, and the other goals of sentencing.

The reasons Popescu offers for eliminating the minimal probation conditions entirely is that he is unable to travel abroad on short notice (for the purposes of selling and managing his international properties), and to take care of his mother (who lives abroad).  (Early Term. Mot. at 5–9).  The requirement that Popescu provide 45-day notice of any travel abroad does not prohibit his travel, and the inconvenience caused (both financially and personally) flow as natural consequences from being sentenced for a serious federal crime.  These personal circumstances were present at the outset of the Court's sentence; in other words, the limitations on his personal life and livelihood (or similar ones) were ones the Court considered when imposing limited and reasonable, but no more than necessary, restrictions on Popescu's liberty.  They do not provide a reason—because it is not a changed circumstance—to warrant early termination of probation.  *See United States v. Seebachan*, No. 12-CR-505, 2018 WL 2085654, at *2 (S.D.N.Y. Apr. 24, 2018) ("A defendant's desire to travel . . . without further

4

restrictions . . . does not suffice to justify early termination.") (quotations omitted; collecting cases); *cf. United States v. Wachsman*, No. 04-CR-902, 2008 WL 5042842, at *1 (E.D.N.Y. Nov. 25, 2008) ("[T]he requirement that defendant receive permission from his probation officer before traveling . . . to visit with [family] and to attend to . . . other business activities in New York may well prove stressful in some instances, particularly when time may be of the essence.  Nonetheless, I am not satisfied that the interest of justice will be served by terminating defendant's probation based on the totality of the circumstances.").  And they do not provide a basis to give Popescu further leniency from an already forgiving sentence, meaning it is not in the interest of justice to terminate the one year of probation.  *E.g.*, *United States v. Haley*, 500 F. Supp. 3d 6, 8 (W.D.N.Y. 2020) ("His conduct easily could have justified a prison sentence.  However, based on a consideration of all the § 3553(a) factors, the Court elected to impose a three-year probationary term.  Haley's current conditions of probation are relatively lenient and the factors that he cites in support of his motion do not persuade the Court that his probation should be terminated.  Therefore, Haley's motion is denied.").

Because analysis of the Section 3553(a) factors and the interest of justice do not both favor early termination of Popescu's term of probation, his motion is denied.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Dated: July 10, 2025
      Central Islip, New York